

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00893-CV

**UVALDE COUNTY HOSPITAL AUTHORITY**,
Appellant

v.

Estela R. **GARCIA**, Individually, on Behalf of all Wrongful Death Beneficiaries,
and on Behalf of The Estate of Juan Garcia, Deceased,
Appellees

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2013-09-29540-CV
The Honorable Camile G. Dubose, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  November 12, 2014

AFFIRMED

        This is an interlocutory appeal from the trial court's order denying a plea to the jurisdiction filed by appellant Uvalde County Hospital Authority.  On appeal, Uvalde raises three issues, contending the trial court erred in determining: (1) the asserted claims fall within the limited waiver of immunity provision of the Texas Tort Claims Act ("the Act"); (2) the failure to provide oxygen is a use or condition of tangible personal property under the Act; and (3) the claims related to the supervision or training of employees are not actionable under the Act.  We affirm the trial court's

judgment, but dismiss for want of jurisdiction the claims for negligent supervision and training of employees.

## BACKGROUND

Mr. Juan R. Garcia was a patient at Uvalde Memorial Hospital. As part of his treatment, he continually received oxygen through a Biphasic Positive Airway Pressure ("BIPAP") ventilation system in his room. Mr. Garcia's physician gave orders to transfer him to the ICU. A hospital nurse disconnected Mr. Garcia's oxygen mask from the in-room oxygen supply and proceeded to transfer him to the ICU. However, the nurse did not reconnect an oxygen supply from any other source to Mr. Garcia's oxygen mask before or during the transfer. Thus, Mr. Garcia was without an oxygen supply during transport. When Mr. Garcia arrived at the ICU, he was "cyanotic and unresponsive," and "he had significant hypoxemia, went into respiratory arrest and became hypotensive." Ultimately, Mr. Garcia died.

Ms. Estela R. Garcia ("Ms. Garcia") brought suit against Uvalde, alleging the nurse's failure to reconnect an oxygen supply to Mr. Garcia's mask during his transport to the ICU resulted in his injuries and death. Specifically, Ms. Garcia alleged the injuries and resulting death were caused by the use of tangible personal property, invoking the waiver of immunity provision under the Act. Furthermore, she alleged the nurse provided property that lacked an integral safety component to the oxygen supply system, i.e., the oxygen and the supply system.

Uvalde filed a plea to the jurisdiction, claiming Ms. Garcia failed to plead an actionable use or condition of property claim falling within the limited waiver of immunity found in the Texas Tort Claims Act. After a hearing, the trial court denied Uvalde's plea. Thereafter, Uvalde perfected this appeal.

### ANALYSIS

As noted above, Uvalde raises three issues on appeal. Uvalde contends the trial court erred in determining: (1) the asserted jurisdictional facts created a waiver of immunity under the Act; (2) the failure to use the oxygen supply was a use or condition of property under the Act; and (3) Ms. Garcia's claims related to supervision or training of employees are actionable under the Act.

### *Sovereign Immunity*

"Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). "A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo*." *Miranda*, 133 S.W.3d at 226. "[W]e will review the . . . pleadings to determine whether they show a lack of jurisdiction or whether the pleadings, if liberally construed, favored jurisdiction." *Atmos Energy Corp. v Abbott*, 127 S.W.3d 852, 855 (Tex. App.—Austin 2004, no pet.).

In her amended petition, Garcia alleged a nurse, following orders from Mr. Garcia's physician to transfer him to the ICU, disconnected the in-room oxygen supply from his oxygen mask, and then failed to reconnect an oxygen supply that was required for the transfer. Additionally, Garcia alleged it was the "negligent acts or omissions of the nursing and other staff . . . specifically the misuse of tangible personal property by a Uvalde Memorial Hospital employee" that caused the subsequent injuries to, and death of, Mr. Garcia. She further alleged the tangible personal property lacked an integral safety component, asserting the transport occurred "without [the] necessary safety equipment, namely oxygen." Because, as evidenced above, Ms. Garcia's petition clearly includes allegations which, liberally construed, are sufficient to invoke the waiver

of immunity provision in the Act, thereby vesting the trial court with jurisdiction, we hold the trial court did not err in denying Uvalde's plea to the jurisdiction.

### *Use of Tangible Property*

In its first two issues, Uvalde contends the trial court erred in determining the failure to provide oxygen is a use or condition of property under the Act, and therefore Ms. Garcia's claim in this respect falls outside the waiver of immunity provision under the Act. We disagree.

"The State, its agencies, and subdivisions . . . generally enjoy sovereign immunity from tort liability unless immunity has been waived." *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). The Texas Tort Claims Act waives "sovereign immunity in three general areas: 'use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property.'" *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000) (quoting *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976)). Specifically, section 101.021(2) of the Act provides:

> A governmental unit in the state is liable for:
>
> \* \* \*
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). Uvalde contends Garcia has not pled sufficient facts such that her claim falls within the waiver provisions of the Act. We disagree.

Garcia pled Uvalde was using an oxygen delivery system and the accompanying equipment, including an oxygen mask, to deliver oxygen to Mr. Garcia during his hospital stay. Further, she pled Uvalde misused the equipment by failing to reconnect an essential safety component, namely the oxygen supply, during the transfer to the ICU. Given these allegations,

Uvalde seems to contend that because the nurse disconnected the oxygen supply and then "made a decision not to use supplemental oxygen during the transfer," no "use" of tangible personal property occurred. In support of its contention, Uvalde relies upon the supreme court's decision in *City of N. Richland Hills v. Friend*, 370 S.W.3d 369 (Tex. 2012).

In *Friend*, the supreme court reiterated that the "nonuse of property does not suffice to invoke section 101.021(2)'s waiver." *Friend*, 370 S.W.3d at 372. In *Friend*, a woman collapsed at a water park and the city's employees arrived at the scene with oxygen masks and airway equipment. *Friend*, 370 S.W.3d at 370. However, the employees "did not retrieve an Automatic External Defibrillator (AED) device" until the fire department arrived. *Id*. "The Friends allege[d] that had the city employees used the AED . . . immediately, prior to using the airway equipment, the device would have saved her life." *Id*. The supreme court held the allegation was one of nonuse of tangible personal property, i.e., the AED, and the failure to use property was not a use for purposes of waiver of immunity under the Act. *Id.* at 373. The court explained the Friends' allegation that the AED was an integral safety component was insufficient under the circumstances because the AED could not be considered an integral component of the emergency equipment actually used. *Id.* According to the court, the two pieces of equipment were merely part of a class of safety equipment used by emergency personnel. *See id.* Thus, the court reasoned that to hold this was anything more than a nonuse with regard to the AED would permit plaintiffs, "through artful pleading, to enlarge the scope of the waiver provided by" the Act by alleging a governmental actor failed to use one type of equipment among a broadly defined class of property that may have been used. *Id.* The court determined this would create a disincentive for the government to provide any safety equipment. *Id.*

Uvalde suggests that under *Friend*, Ms. Garcia failed to plead sufficient facts to invoke a waiver of sovereign immunity as she pled nothing more than a nonuse. We disagree and find

*Friend* distinguishable and, in fact, supportive of Ms. Garcia's contention of a use of tangible personal property.

In *Friend*, the court's conclusion was clearly based on the fact that separate pieces of medical equipment, i.e., airway support and an AED, were at issue. *See id.* It is apparent from the court's analysis that these pieces of medical equipment do not necessarily require the use of one for the other to be effective. The city employees were using airway support, but did not attempt to use the AED prior to the arrival of the fire department. *Id.* at 370. Because the AED was not an integral component of the airway support system, the Friends' allegation regarding the nonuse of the AED was insufficient under the circumstances. *Id.* at 372–73. Thus, the court logically concluded that alleging "no more than a failure to use an AED . . . does not fall within the waiver of immunity." *Id.* at 373.

Unlike *Friend*, Uvalde did not fail to use tangible personal property that was entirely unrelated to the property that was actually being used. Uvalde was, and had been, administering oxygen to Mr. Garcia through the use of a mask and in-room oxygen delivery system before his doctor ordered the transfer. These items are clearly part of a single system, i.e., each is an integral component for the delivery of oxygen, and clearly dependent upon each other for effective treatment of the patient. The nurse disconnected the oxygen supply, but left the oxygen mask in place. She then failed to connect the mask to another oxygen supply delivery system — one that could be used during transport — for the transfer. It is self-evident that without the oxygen and a delivery system, the mask was a worthless piece of equipment. Thus, in this case, unlike the AED and the airway supply equipment in *Friend*, the oxygen, supply delivery system, and the mask are intimately related and undoubtedly integral parts of oxygen delivery. Without all the components, each is medically useless, i.e., the oxygen without a delivery system and mask provides no medical value. The oxygen delivery system, the mask, and the oxygen supply are dependent components

of a single system used for the medical care of the patient. The *Friend* court dealt with two entirely separate and non-dependent life-saving pieces of equipment. Accordingly, we hold *Friend* does not mandate the result suggested by Uvalde. Rather, extrapolating from the court's reasoning in *Friend*, we hold that the oxygen and the delivery system, which the nurse failed to supply when she neglected to reconnect the mask to a delivery system, was an integral component of the tangible personal property, i.e., the mask and delivery system, being used to treat Mr. Garcia. *See id.*

Moreover, we note that Uvalde ignores the distinction between availability of use and interrupted use. In *Friend*, the city employees never attempted to use the AED until after the fire department arrived. *Id.* The Friends argued the city employees should have used a completely different type of lifesaving equipment from the beginning. Here, Uvalde was already using an oxygen delivery system and an oxygen mask to provide oxygen to Mr. Garcia as part of his medical care. Ms. Garcia's allegations, unlike those in *Friend*, were directly related to the type of equipment being employed by Uvalde. Ms. Garcia is not suggesting Uvalde should have used an entirely different type of tangible property, as was the case in *Friend*. Rather, Ms. Garcia alleges Uvalde — which had already been providing airway support — disconnected the oxygen supply from the delivery system, left the oxygen mask on, but failed to reconnect the most vital piece of airway support equipment, the oxygen supply. Uvalde would have us conclude the nurse's action or "decision" to disconnect and not reconnect Mr. Garcia from and to an oxygen supply also disconnected it from potential liability. We cannot agree. To hold otherwise would suggest that the easiest way for a hospital to avoid liability under the Act would be to simply disconnect a patient from vital medical equipment. Because, as Uvalde appears to argue, once tangible property is disconnected, it is no longer in use, and thus non-actionable.

We also find the supreme court's decision in *Lowe v. Tex. Tech. Univ.* instructive with regard to the integral safety component doctrine. *See* 540 S.W.2d 297 (Tex. 1976). In *Lowe*, the

supreme court held that a university's failure to furnish a knee brace was a failure to provide an "integral part[] of the football uniform." *Id.* at 300. Surely, if a knee brace is an integral part of a football uniform, an oxygen supply delivery system is also integral in providing airway support through a mask. However, as Uvalde suggests, we must also consider the subsequent limitations placed on the holding in *Lowe*.

In *Kerrville State Hosp. v. Clark*, the supreme court limited *Lowe's* "precedential value . . . to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries." 923 S.W.2d 582, 585 (Tex. 1996). Still further, the supreme court "limited the integral safety component doctrine to cases where a safety component is completely lacking, as opposed to merely inadequate." *Friend*, 370 S.W.3d at 372; *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 584 (Tex. 2005).

Considering *Lowe* and the court's subsequent limitations on the integral safety component doctrine, we nevertheless conclude Ms. Garcia has properly pled a claim under the integral safety component doctrine. Uvalde contends Ms. Garcia "cannot turn a non-actionable failure to use property claim into an actionable lack of integral safety component claim by simply claiming that property not used is linked to property that was used." However, Ms. Garcia alleges not only that Uvalde failed to reconnect an oxygen supply delivery system while keeping the oxygen mask on, but also that this failure resulted in the furnishing of property that lacked an integral safety component. Uvalde attempts to support its argument by citing cases it claims are dispositive of the issue before us. *See Jones v. Lubbock Cnty. Water Control & Imp. Dist. No. 1*, No. 07-11-00376-CV, 2012 WL 5199376, at *3 (Tex. App.—Amarillo Oct. 22, 2012, no pet.) (mem. op.); *Salinas v. City of Brownsville*, 13-08-00146-CV, 2010 WL 672885, at *5 (Tex. App.—Corpus Christi Feb. 25, 2010, no pet.) (mem. op.). Uvalde, however, mischaracterizes the import of these

cases. In each case relied upon by Uvalde, the courts held the plaintiff failed to plead facts that would support a waiver of sovereign immunity under the Act where the plaintiff simply alleged the availability of particular tangible property supported the claim. *See Jones*, 2012 WL 5199376, at \*3; *Salinas*, 2010 WL 672885, at \*5. Here, however, Ms. Garcia, unlike the plaintiffs in the cases relied upon by Uvalde, is not simply claiming there was available equipment that should have been used. Ms. Garcia asserts the airway support system was in use, then disconnected from an integral safety component, the oxygen and the supply system, and subsequently left to continue to operate without those integral safety components. Accordingly, we hold the cases relied upon by Uvalde are distinguishable and Ms. Garcia pled facts sufficiently alleging her husband was furnished tangible property that lacked an integral safety component, leading to Mr. Garcia's injury and death. Her allegations are sufficient to meet the supreme court's requirement that the property provided be completely absent and not merely inadequate. *See Bishop*, 156 S.W.3d at 584. Certainly, providing some components of an airway support system without providing the oxygen supply is completely lacking. Accordingly, we hold the trial court did not err in determining the actions or inactions by Uvalde involved the use of tangible, personal property.

### *Failure to Supervise or Train Employees*

In its third issue, Uvalde contends, for the first time on appeal, that Ms. Garcia's claims relating to the alleged negligent supervision or training of employees are not actionable. Although this issue was not raised in Uvalde's plea to the jurisdiction, subject matter jurisdiction can be raised at any time. *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008). We therefore have jurisdiction to review this issue. *See id.* However, given this issue was not raised in the trial court, we cannot say the trial court ruled on this matter in its order.

As noted above, to successfully state a claim involving a waiver of sovereign immunity under the Act, a plaintiff must allege an injury caused by a "condition or use of tangible personal

property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). Texas law is clear and it has "long held that information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities." *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001); *see Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994). Because Ms. Garcia's claims regarding the alleged negligent supervision and training of employees deal with the transfer and receipt of information, those claims lack the tangible property requirement for purposes of the Act. Accordingly, we hold there has been no waiver of sovereign immunity by Uvalde as to these claims. Consequently, we hold the trial court lacks jurisdiction with respect to Ms. Garcia's claims relating to alleged negligent supervision or training of employees and sustain Uvalde's third issue.

## CONCLUSION

Based on the foregoing, we overrule Uvalde's first two issues regarding Ms. Garcia's claims relating to the use of tangible personal property and hold the trial court did not err in denying the plea to the jurisdiction with regard to these claims. However, we sustain Uvalde's third issue with respect to the claims relating to the alleged negligent supervision and training, which was raised for the first time on appeal. The claims relating to the alleged negligent supervision and training must be dismissed for want of jurisdiction. Accordingly, we affirm the trial court's judgment as it relates to Ms. Garcia's claims regarding the use of oxygen and the oxygen delivery system, but we dismiss for want of jurisdiction Ms. Garcia's claims relating to the alleged negligent supervision and training of employees.

Marialyn Barnard, Justice