ACCEPTED
04-15-00147-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/13/2015 9:27:42 AM
KEITH HOTTLE
CLERK

# NO. 04-15-00147- CV

## IN THE TEXAS COURT OF APPEALS
## FOURTH COURT OF APPEALS
## AT SAN ANTONIO, TEXAS

### CITY OF LAREDO

### APPELLANT

### VS.

### JULIAN JACOBO REYNA

### APPELLEE

*Appealed from the 341th Judicial District Court*
*Webb County, Texas. Hon. Becky Palomo, Presiding Judge*

## BRIEF OF APPELLANT
## CITY OF LAREDO

ALBERT LÓPEZ
State Bar No. 12562350
LAW OFFICES OF ALBERT LÓPEZ
14310 Northbrook Drive, Suite 200
San Antonio, Texas 78232
(210) 404-1983 (Telephone)
(210) 404-1990 (Telecopier)
ATTORNEYS FOR APPELLANT

## ORAL ARGUMENT NOT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

Appellant: CITY OF LAREDO
Counsel for Appellant:

ALBERT LÓPEZ
State Bar No. 12562350
14310 Northbrook Drive, Suite 200
San Antonio, Texas 78232
Telephone: (210)404-1983
Telecopier (210) 404-1990
Email: alopezoffice@gmail.com


Appellee: JULIAN JACOBO REYNA

Counsel for Appellee:

Andres Reyes
Law Office of Andres Reyes
401 E Hillside Rd
Laredo, TX 78041-3275
Tel: (956) 712-3633
Fax: (956) 725-4594
arlawoffice@gmail.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .-vi-

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . -vii-

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -viii-

STATEMENT OF FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

SUMMARY OF THE ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . -4-

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
    A.     Standard of Judicial Review.. . . . . . . . . . . . . . . . . . . . . . . -5-
    B.     The Intentional Tort Exception to the Waiver of Immunity... -7-
          1.     Claim for False Arrest and False Imprisonment.. . . . . -10-
          2.     Assault with a Baton.. . . . . . . . . . . . . . . . . . . . . . . . . . -10-
          3.     Malicious Prosecution.. . . . . . . . . . . . . . . . . . . . . . . . . -11-
    C.     Negligent Hiring, Training, Supervision and Retention.. . . . -12-
    D.     Use of the County Jail to Imprison Reyna.. . . . . . . . . . . . . . -14-

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-
    Tab 1.     Trial Court's order from which relief is sought
    Tab 2.     Plaintiff's Amended Petition

# INDEX OF AUTHORITIES

**CASES**

*Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). . . . . . . . . . . . . . . . . . . . . -6-

*City of Amarillo v. Martin*, 971 S.W.2d 426, 427, 1998 Tex. LEXIS 95, 2, 41 Tex. Sup. J. 870 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*City of Garland v. Rivera*, 146 S.W.3d 334, 338, 2004 Tex. App. LEXIS 8998, 7-8 (Tex. App. Dallas 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

*City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). . . . . . . -8-

City of Laredo v. Nuno, 94 S.W.3d 786 (Tex. App. -- San Antonio 2002, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

*City of Watauga v. Gordon,* 434 S.W.3d 586, 593-94, 2014 Tex. LEXIS 456, 16-19, 57 Tex. Sup. J. 683, 2014 WL 2535995 (Tex. 2014). . . . . . . . . . . . . . -11-

*Closs v. Goose Creek Consol. Indep. Sch. Dist.*, 874 S.W.2d 859, 869 (Tex. App.—Texarkana 1994, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

*Davis v. Blankenship*, No. 10-10-00213-CV, 2010 Tex. App. LEXIS 10326, at *9 (Tex. App.—Waco Dec. 29, 2010, no pet.) (mem. op.). . . . . . . . . . . . . . -11-

*Hardin County Sheriff's Dep't v. Smith*, 290 S.W.3d 550, 552 (Tex. App. -- Beaumont 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*Harris County v. Cabazos*, 177 S.W.3d 105, 109 (Tex. App. -- Houston [1st Dist.] 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Harrison v. TDCJ-TDCJID*, No. 07-03-0239-CV, 2005 Tex. App. LEXIS 4533, at *7 (Tex. App.—Amarillo June 14, 2005, no pet.) (mem. op.). . . . . . . . . -12-

*Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

*Medrano v. City Pearsall*, 989 S.W.2d 141, 144
(Tex. App.-San Antonio, 1999 ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

*Midland Indep. Sch. Dist. v. Watley*, 216 S.W.3d 374, 382 (Tex. App. --
Eastland 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*San Antonio v. Dunn,* 796 S.W.2d 258, 261, 1990 Tex. App. LEXIS 2568, 7-8
(Tex. App. San Antonio 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Southwestern Bell Tel., L.P. v. Emmett,* 2015 Tex. LEXIS 274, 20, 58 Tex. Sup.
J. 567 (Tex. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

*State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). . . . . . . . . . . . . . . . . . . . -6-

*Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 395, 2008
Tex. App. LEXIS 3981, 29-30 (Tex. App. Fort Worth 2008). . . . . . . . . . . . . -7-

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex.
2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

*Tex. DOT v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999). . . . . . . . . . . . . . . . . . . . . -6-

*Texas Dep't of Public Safety v. Petta,*
44 S.W.3d 575, 580 (Tex. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . -9-, -11-, -13-

*Turner v. TDCJ-ID Allen B. Polunsky Unit*, 2013 Tex. App. LEXIS 7820, 6-7,
2013 WL 3355768 (Tex. App. Beaumont June 27, 2013). . . . . . . . . . . . . . . -16-

*Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358
(Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*Uvalde County Hosp. Auth. v. Garcia*, 452 S.W.3d 1, 7, 2014 Tex. App. LEXIS
12228, 14 (Tex. App. San Antonio 2014). . . . . . . . . . . . . . . . . . . . . . . . . . -13-

*Weaver v. Bell*, 2005 Tex. App. LEXIS 4461, at n. 10, 2005 WL 1364046 (Tex.
App. Austin June 10, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

**STATUTES**

TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West, Westlaw through 2013 3d C.S.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-, -9-, -12-

TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2), 101.057(2) (West, Westlaw through 2013 3d C.S.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

# STATEMENT OF THE CASE

*Nature of the case.*      This is an appeal from the trial court's denial of a plea to the jurisdiction on Appellant's defense of immunity.

*Course of proceedings.*      The Appellant filed a Plea to the Jurisdiction on the pleadings.

*Trial court disposition.*      The trial court denied the Appellant's Plea to the Jurisdiction.

## STATEMENT REGARDING ORAL ARGUMENT

This case involves an area of the law that has been well established. The City of Laredo believes that oral argument would not be helpful for this Court's determination of the legal issues.

# ISSUE PRESENTED

When a governmental entity challenges a state district court's subject matter jurisdiction based on the plaintiff's petition, the question in this Court whether the plaintiff showed that the trial court had jurisdiction by pleading facts that affirmatively show the elements of waiver of immunity within the scope of the Texas Tort Claims Act. Because the facts Appellee Julian Reyna pleaded amount to intentional torts, the claims pleaded, even if framed as negligence, do not cause a waiver of sovereign immunity under the Texas Tort Claims Act. Thus, the trial court erred in denying the City of Laredo's plea to the jurisdiction. The trial court's judgment should be reversed and judgment should be rendered in favor of the City of Laredo.

**BRIEF OF APPELLEE CITY OF LAREDO**

TO THE HONORABLE FOURTH COURT OF APPEALS:

NOW COMES Appellant City of Laredo and submits its brief.

**STATEMENT OF FACTS**

This suit was initiated on March 24, 2014, when Julian Jacobo Reyna ("Reyna") sued Laredo Police Officer Francisco Rodriguez, the City of Laredo ("City"), and the Laredo Police Department claiming that Officer Rodriguez, an employee of the City, arrested Reyna illegally, wrongfully imprisoned him, beat him with a baton, and filed criminal charges against him. CR 13. Reyna was imprisoned for two days in the Webb County jail. *Id.* As a result of the incident, Reyna sustained grievous injuries including contusions to his lower back, ribs and head which caused continuous and uninterrupted pain. CR 14.

On October 8, 2014, the trial court dismissed all claims against Officer Rodriguez. CR 18. On January 6, 2015, the City filed a Third Plea to the Jurisdiction challenging the Plaintiff's pleadings on the basis of immunity and asserted that the trial court lacked subject mater jurisdiction to decide Plaintiff's intentional tort claims, which are exempted from the Texas Tort Claims Act's waiver of immunity. CR 19. On February 15, 2015, the trial court

denied the Plea to the Jurisdiction, CR 37, and this appeal ensued pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2011). CR 43.

The First Amended Original Petition was the live pleading at the time the trial court heard the Plea to the Jurisdiction. CR 32. The Amended Petition reasserted the allegations of intentional beating with a baton and false arrest, malicious prosecution, and false imprisonment that were originally made when suit was filed. This time, the amended pleading asserted several grounds for a waiver of immunity. CR 33-34.

In the amended petition, Reyna alleged that he was arrested on March 24, 2012, after he and his brother had been the victims of an unrelated assault at the 1100 block of Jackson Street in Laredo, Texas. CR. 33. Prior to the assault, Reyna had suffered a compound fracture of his left leg. *Id.* When Officer Rodriguez arrived at Jackson Street, Reyna allegedly explained to Officer Rodriguez that he and his brother had been assaulted and that he had sustained a serious injury. *Id.* Notwithstanding Reyna's condition, Officer Rodriguez illegally arrested Reyna. *Id.* The petition also alleges that upon arrival at the Police Department, Officer Rodriguez physically assaulted Reyna with a baton causing additional injuries to Reyna's back. *Id.* Officer Rodriguez

claimed that Reyna had assaulted him and filed criminal charges against Reyna. *Id.*

The injuries Reyna sustained required medical attention at a local hospital. After Reyna was released from the Hospital, he was imprisoned in the Webb County Jail. *Id.* After two days, Reyna was released on bond. Based on these facts, Reyna asserted that the use of the baton to inflict pain and injuries on Reyna provides for waiver of sovereign immunity because it involved the use of personal property by an employee of the City of Laredo. CR 34.

Regarding the use of the baton, Reyna also asserted that the use of force was the result of negligent supervision and training. *Id.* Reyna contended that the City owed him a legal duty to hire, supervise, train, or retain competent employees. *Id.* According to the petition, By employing Officer Rodriguez, who delivered the beating on Reyna, the City violated its duty to exercise ordinary care in hiring and supervising its employee. *Id.*

Reyna also claimed that his detention was willful, without his consent and without legal authority or justification. *Id.* Reyna asserted that the use of the Webb County Jail to confine him was within the waiver of sovereign immunity because it involved the use of the jail to confine Reyna. *Id.*

As a direct and proximate result of the occurrence made the basis of this lawsuit, Reyna claimed he suffered grievous injuries, including bruises and contusions to his lower back, ribs, and head which have caused continuous and uninterrupted pain which has left Reyna permanently in pain while walking. *Id.*

## SUMMARY OF THE ARGUMENT

The trial court erred in denying immunity to the City of Laredo because while the Texas Tort Claims Act ("TTCA") waives the sovereign immunity of a governmental entity for personal injury and death arising out of the use of tangible personal property or real property, it specifically excludes from the waiver of immunity a claim "arising out of assault, battery, false imprisonment, or any other intentional tort." See TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2), 101.057(2). (West, Westlaw through 2013 3d C.S.). Here, Reyna claimed that the City of Laredo was liable for false arrest and imprisonment, and for a physical assault that took place when the arresting officer allegedly beat Reyna with a baton. These claims are the essence of the Reyna's petition and are properly characterized as intentional torts for which immunity has not been waived.

Reyna's attempt to characterize these claims as negligence with respect to the hiring, training, supervision and retention of Officer Rodriguez is improper because it fails to circumvent the TTCA's intentional tort claim exemption. Even if the Court were to consider these as viable negligence claims, the City's negligent conduct does not involve the use of tangible property and, therefore, Reyna's suit does no come within the TTCA's waiver of immunity.

The invocation of the TTCA's use-of-real-property waiver of immunity as the cause of Reyna's personal injury claim and resulting damages lacks merit. The claims of use of real property and false imprisonment based on the same conduct. Because the claim ultimately hinges on intentional conduct, it is excepted from the waiver of immunity. Immunity cannot be circumvented by framing an intentional tort as negligence. Further, the county jail merely provided the setting that made the imprisonment possible, but was not the cause of Reyna's injuries and damages.

## ARGUMENT

### A.   Standard of Judicial Review.

A plea to the jurisdiction based on governmental immunity questions a trial court's subject-matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642

(Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004).  Subject matter jurisdiction is a question of law subject to de novo review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999); *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Miranda*, 133 S.W.3d 226.

A plea to the jurisdiction is a proper challenge to a suit filed against a governmental entity, when a petition shows on its face that the court lacks jurisdiction based on sovereign immunity.  *Tex. DOT v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999).  "Where a plea to the jurisdiction challenges the pleadings, … a reviewing court must determine whether the party asserting jurisdiction has alleged facts that affirmatively demonstrate or negate the trial court's subject matter jurisdiction."  *Southwestern Bell Tel., L.P. v. Emmett*, 2015 Tex. LEXIS 274, 20, 58 Tex. Sup. J. 567 (Tex. 2015) (citing *Miranda*, 133 S.W.3d 226.  If after accepting the allegations in the pleadings as true and construing them liberally in favor of the plaintiff, "the pleadings affirmatively negate the existence of jurisdiction," a court may grant a plea to the jurisdiction without affording Reyna an opportunity to amend. *Miranda*, 133 S.W.3d 227.

The Texas Tort Claims Act (TTCA) specifically states that governmental entities are immune from suits wherein a plaintiff alleges that an intentional tort has been committed. See TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West, Westlaw through 2013 3d C.S.). Section 101.057(2) states that the TTCA, which waives the government's immunity from suit for certain torts, does not apply to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort. . . ." *Id.*

Subject matter jurisdiction can be raised at any time. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 395, 2008 Tex. App. LEXIS 3981, 29-30 (Tex. App. Fort Worth 2008) (citing *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004)("Not only may an issue of subject matter jurisdiction be raised for the first time on appeal by the parties or by the court, a court is obliged to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it.").

**B.    The Intentional Tort Exception to the Waiver of Immunity.**

A governmental unit such as the City of Laredo retains its sovereign immunity for intentional tort claims. See TEX. CIV. PRAC. & REM. CODE § 101.057(2). Further, "[a] municipality, as a political subdivision of the state, is not liable for the acts or conduct of its officers or employees unless the

municipality's common law immunity is waived by the Texas Tort Claims Act." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994); <u>see</u> also *City of Amarillo v. Martin*, 971 S.W.2d 426, 427, 1998 Tex. LEXIS 95, 2, 41 Tex. Sup. J. 870 (Tex. 1998) ("Under the common-law doctrine of sovereign immunity, a municipality is immune from tort liability for its own acts or the acts of its agents unless the Texas Tort Claims Act waives immunity.").

The Texas Tort Claims Act provides immunity for governmental units subject to certain limited exceptions. Under the statute, a governmental unit may be liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and

> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021. The Act specifically excludes from the waiver of immunity several types of claims. Relevant here, Section 101.057 excludes from the waiver of immunity claims "arising out of assault, battery, false imprisonment, or any other intentional tort …" *Id*. § 101.057(2); <u>see</u>, e.g., *Texas Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) ("The [Texas Tort Claims] Act specifically excludes waiver for a claim 'arising out of assault, battery, false imprisonment, or any other intentional tort …'"). *Hardin County Sheriff's Dep't v. Smith*, 290 S.W.3d 550, 552 (Tex. App. -- Beaumont 2009) ("[Section 101.021 of the Texas Civil Practice & Remedies Code] section applies only to traditional negligence causes of action. Chapter 101.057 makes clear that this general waiver of sovereign immunity 'does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . . .'"); *Midland Indep. Sch. Dist. v. Watley*, 216 S.W.3d 374, 382 (Tex. App. -- Eastland 2006) ("There is no waiver of immunity for intentional torts under the Tort Claims Act."); *Harris County v. Cabazos*, 177 S.W.3d 105, 109

(Tex. App. -- Houston [1st Dist.] 2005) ("[A] governmental entity does not waive its sovereign immunity to a party's claim for personal injury or death if that claim arises out of an intentional tort.").

**1. Claim for False Arrest and False Imprisonment.**

False arrest is an intentional tort and claims arising out of a false arrest do not fall within the waiver of immunity. *San Antonio v. Dunn,* 796 S.W.2d 258, 261, 1990 Tex. App. LEXIS 2568, 7-8 (Tex. App. San Antonio 1990), writ denied. False arrest and false imprisonment are essentially the same tort. *Weaver v. Bell*, 2005 Tex. App. LEXIS 4461, at n. 10, 2005 WL 1364046 (Tex. App. Austin June 10, 2005). It follows that the City is immune from Reyna's false imprisonment and false arrest claims. See § 101.057(2)(including false imprisonment in its list of intentional torts).

**2. Assault with a Baton.**

The use of a baton in the course of an intentional tort fails to allege a claim within the waiver of immunity. *McCord v. Memorial Medical Center Hospital*, 750 S.W.2d 362, 363, 1988 Tex. App. LEXIS 994, 3-4 (Tex. App. Corpus Christi 1988)(use of a nightstick); see *Medrano v. City Pearsall*, 989 S.W.2d 141, 144 (Tex. App.-San Antonio, 1999 )(citing Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 1997)) (this chapter does not apply to a claim …

arising out of assault, battery false imprisonment, or any other intentional tort …); *Petta*, 44 S.W.3d 580(Assault claim is barred by sovereign immunity). Reyna asserted that Officer Rodriguez used the baton without justification to inflict pain and injuries on Reyna. Under the facts Reyna alleged, the baton was not used for any other purpose or with any intent other than to effect the intentional assault of Reyna. <u>See</u> *City of Watauga v. Gordon,* 434 S.W.3d 586, 593-94, 2014 Tex. LEXIS 456, 16-19, 57 Tex. Sup. J. 683, 2014 WL 2535995 (Tex. 2014) (holding that a claim for excessive force is an intentional tort that is not actionable under the Texas Tort Claims Act).

### 3. Malicious Prosecution.

The TTCA does not waive immunity for the intentional tort of malicious prosecution. *Closs v. Goose Creek Consol. Indep. Sch. Dist.*, 874 S.W.2d 859, 869 (Tex. App.—Texarkana 1994, no writ) ("Malicious Prosecution is an intentional tort."); <u>see</u> also *Davis v. Blankenship*, No. 10-10-00213-CV, 2010 Tex. App. LEXIS 10326, at *9 (Tex. App.—Waco Dec. 29, 2010, no pet.) (mem. op.) ("Malicious prosecution is also an intentional tort for which immunity is not waived under [the Texas Tort Claims Act]."); *Harrison v. TDCJ-TDCJID*, No. 07-03-0239-CV, 2005 Tex. App. LEXIS 4533, at *7 (Tex. App.—Amarillo June 14, 2005, no pet.) (mem. op.) ("Nor does the [Texas]

Tort Claims Act waive a governmental unit's immunity from suits . . . alleging malicious prosecution by its agents acting in their official capacity.").

In sum, Reyna's damages arose out of the false arrest, the excessive force inflicted on Reyna by the use of the baton, Reyna's subsequent imprisonment and the charges filed against him. Since the claims arise out of the intentional torts, there has been no waiver of immunity, and the City cannot be held liable for Reyna's damages. See § 101.057(2).

**C.     Negligent Hiring, Training, Supervision and Retention**.

Reyna's claims of negligent hiring, training, supervision and retention were pled only in relation to the assault. The claims are grounded on the allegations that the City failed to train and supervise "the employee who delivered the beating on Plaintiff" and on the City's legal duty to hire, supervise, train, or retain competent employees.  To the extent that Reyna's claims are not based on the intentional torts of Officer Rodriguez, the intentional tort exception does not necessarily preclude a suit for negligence. See *Petta*, 44 S.W.3d at 581.  Reyna, however, must allege facts showing that the City's negligent training and supervision comes within the waiver of immunity. *Id. ("*But a cause of action for negligent supervision or training must satisfy the TTCA's use of tangible property requirement.").

The City's training and supervision of Officer Rodriguez on the idea that a police officer must refrain from the gratuitous use of force under the circumstances described in the petition, does not involve the "use" of tangible property. *See id.* at 580-81 (claims related to negligent failure to train, instruct, and discipline involved the misuse or non-use of information which is not tangible property). Here, the petition does not allege a waiver of immunity that involved the negligent use of tangible property for the City's regarding training and supervision. As in *Petta*, the failure to implement use of force concepts by way of training and supervision, only involves the misuse or non-use of information, which is not tangible property. *Id;* see *Uvalde County Hosp. Auth. v. Garcia*, 452 S.W.3d 1, 7, 2014 Tex. App. LEXIS 12228, 14 (Tex. App. San Antonio 2014). Even when the information is transmitted by way of written material, such as policy and training manuals, a negligent training and supervision does not fall under the TTCA. *Id.; see City of Garland v. Rivera*, 146 S.W.3d 334, 338, 2004 Tex. App. LEXIS 8998, 7-8 (Tex. App. Dallas 2004).

With respect to the negligent hiring and retention claim, the underlying premise is that the City had information or failed to obtain information about Officer Rodriguez that would have led the City not to hire him or terminate his

employment based on his competency to perform his duties, presumably in the area of use of force. Reyna's hiring and retention claims only involve the misuse and non-use of information, which does not waive immunity.

In short, not only did the pleadings fail to assert facts affirmatively showing a waiver of immunity, but they also affirmatively negate the trial court's jurisdiction over Reyna's negligence claims, and no provision of the TTCA waives immunity to allow the suit against the City based on Reyna's theories.

**D.     Use of the County Jail to Imprison Reyna.**

This claim fails to invoke a waiver of immunity for two reasons. First, Reyna's use of real property claims complains about the same conduct that forms the basis of the false imprisonment claim. His claim ultimately hinges on intentional conduct. As noted above, the allegations fit squarely within the exclusion of claims arising out of assault, battery, and false imprisonment. The intentional tort exception cannot be circumvented merely by alleging negligent use of real property. See, e.g., *Medrano v. City Pearsall*, 989 S.W.2d 141, 144 (Tex.App.-San Antonio, 1999); *Harris County v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.--Houston [1st Dist.] 2005, no pet.) ("A plaintiff cannot

circumvent the intentional tort exception by couching his claims in terms of negligence.").

Second, the applicable standard to determine a waiver of immunity under § 101.021(1) is proximate cause. See *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343, 1998 Tex. LEXIS 51, 13, 41 Tex. Sup. J. 653 (Tex. 1998)("Property does not cause injury if it does no more than furnish the condition that makes the injury possible."). Reyna does not allege that he sustained any injuries while incarcerated in the county jail or that the jail itself injured him. Reyna's allegations lack the required causal nexus because the jail merely provided the condition that made his personal injury possible. See *Hardin County Sheriff's Dep't v. Smith*, 290 S.W.3d 550, 553 (Tex. App.—Beaumont 2009) (citing *Ordonez v. El Paso County*, 224 S.W.3d 240, 244 (Tex. App.—El Paso 2005). See also *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343, 1998 Tex. LEXIS 51, 13, 41 Tex. Sup. J. 653 (Tex. 1998)("Property does not cause injury if it does no more than furnish the condition that makes the injury possible."); see *Turner v. TDCJ-ID Allen B. Polunsky Unit*, 2013 Tex. App. LEXIS 7820, 6-7, 2013 WL 3355768 (Tex. App. Beaumont June 27, 2013).

The real substance of Reyna's complaint is that his damages arise from his unlawful imprisonment, not by the use of real property. Here, the county jail merely provided the means for Reyna's continued imprisonment until he was released on bond. Reyna's personal injury claim was not proximately caused by the use of the county jail, but by Officer Rodriguez' decision to imprison Reyna. Because Reyna's injuries were not proximately caused by the use of real property no waiver of immunity is alleged in the petition.

## CONCLUSION

For the foregoing reasons, the City of Laredo respectfully requests that this Court reverse the trial court's order denying immunity and render judgment in its favor by dismissing all claims against the City of Laredo. Appellant also prays the Court grant it any other relief to which it may be entitled.

Respectfully Submitted,

LAW OFFICES OF ALBERT LÓPEZ
14310 Northbrook Dr., Suite 200
San Antonio, Texas 78232
Telephone: (210) 404-1983
Fax: (210) 404-1990

By: /s/ Albert López
ALBERT LÓPEZ
State Bar No. 12562350
alopezoffice@gmail.com
ATTORNEY FOR  DEFENDANT
CITY OF LAREDO

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2015, a true and correct copy of the above and foregoing instrument was served upon  Andres Reyes, 401 Hillside Rd., Capitol Centre, Laredo, Texas 78041 pursuant to the rules.

/s/ Albert López
Albert López

**APPENDIX**

Tab 1.     Trial Court's order from which relief is sought.

Tab 2.     Plaintiff's Amended Petition.



**TAB 1**

NO. 2014-CVQ-000557-D3



| | | |
|---|---|---|
| JULIAN JACOBO REYNA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 341ST JUDICIAL DISTRICT |
| | § | |
| FRANCISCO RODRIGUEZ, THE | § | |
| LAREDO POLICE DEPARTMENT, | § | |
| AND THE CITY OF LAREDO, TEXAS | § | |
| Defendant. | § | OF WEBB COUNTY, TEXAS |

## ORDER

On February 18, 2015, the Court heard the Defendant City of Laredo's Third Plea to the Jurisdiction. The parties appeared through their respective counsel. After consideration of Defendant's motion, Plaintiff's response, and hearing the argument of counsel, the Court is of the opinion that the relief sought by Defendant should denied.

IT IS THEREFORE ORDERED that the Defendant City of Laredo's Third Plea to the Jurisdiction is hereby DENIED.

SIGNED on this the ___ day of _____, 2015.

_____
JUDGE BECKIE PALOMO

---

ORDER                                                                 Page 1

37

Filed
2/12/2015 8:52:06 AM
Esther Degollado
District Clerk
Webb District
2014CVQ000557 D3

NO. 2014-CVQ-000557-D3

| | | |
|---|---|---|
| JULIAN JACOBO REYNA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 3341ST JUDICIAL DISTRICT |
| | § | |
| FRANCISCO RODRIGUEZ, THE | § | |
| LAREDO POLICE DEPARTMENT, | § | |
| AND THE CITY OF LAREDO, TEXAS | § | |
| Defendant. | § | OF WEBB COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JULIAN JACOBO REYNA, hereinafter called Plaintiff, complaining of and about **THE LAREDO POLICE DEPARTMENT, AND THE CITY OF LAREDO, TEXAS**, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, **JULIAN JACOBO REYNA**, is an Individual whose address is 202 N. TEXAS, LAREDO, Texas 78043.

3.      THE **LAREDO POLICE DEPARTMENT** is a law enforcement department in and for **THE CITY OF LAREDO, TEXAS.**   The Laredo Police Department may be served by the serving the Chief of the Laredo Police Department, Ray Garner.

4.      The **CITY OF LAREDO, TEXAS** can be served by serving the Mayor for the City of Laredo, Texas, Raul Salinas at 1100 Houston, Laredo, Texas 78040.

---

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION                                                    Page 1

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. above the minimum jurisdictional limits of the court.

7. This court has jurisdiction over the parties because Defendant is a Texas resident.

8. Venue in WEBB County is proper in this cause.

## FACTS

9. Plaintiff was arrested on March 24, 2012 at approximately 11:35 p.m. at the 1100 block of Jackson St., Laredo, Webb County, Texas. The Plaintiff was arrested after he along with his brother had been the victims of an assault. Prior to the assault, Plaintiff had suffered a compound fracture of his left leg while at work. When defendant arrived, Plaintiff explained that he and his brother had been assaulted and that he had a serious injury. Notwithstanding his condition, Defendant effectuated an illegal arrest. Upon arrival at the Police Department, Plaintiff was the victim of a physical attack by defendant including injuries occasioned by the use of a baton to Plaintiffs back. Subsequent to the assault, defendant alleged that Plaintiff had assaulted him and caused criminal charges to be filed. Because of the extent of his injuries, Plaintiff required medical attention at a local hospital before being transported to the Webb County Jail, 1000 Washington, Laredo, Webb County, Texas. After two (2) days of detention at the Webb County Jail, Webb County, Texas Plaintiff was allowed out on bond. The use of the baton to inflict pain and injuries on Plaintiff provides for waiver of sovereign immunity in that it involves the use of personal property by an employee of the Defendant.

## JULIAN JACOBO REYNA'S CLAIM FOR FALSE IMPRISONMENT

10. The defendant willfully detained the plaintiff

11. The detention was without the plaintiff's consent.

12. The detention was without legal authority or justification.

13. The use of the county jail to confine Plaintiff provides for waiver of sovereign immunity in that it involves the use of real property by an employee of the Defendant.

## JULIAN JACOBO REYNA'S CLAIM FOR NEGLIGENT SUPERVISION AND TRAINING

14. Plaintiff was beaten with a baton. The use of such force resulted in severe injuries to Plaintiff which required that he be admitted at a local hospital. The arresting officer's use of such force was the result of negligent supervision and training. Specifically, Defendant owed the Plaintiff a legal duty to hire, supervise, train, or retain competent employees. At the time of the incident the subject of this suit, Defendant was the employer of the employee who delivered the beating on Plaintiff. Defendant violated its duty to exercise ordinary care in hiring and supervising its employee.

## DAMAGES FOR PLAINTIFF, JULIAN JACOBO REYNA

15. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, JULIAN JACOBO REYNA, was caused to suffer grievous injuries, including bruises and contusions to his lower back, ribs, and head which have caused continuous and uninterrupted pain which has left Plaintiff permanently in pain while walking, and to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, JULIAN JACOBO REYNA for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in WEBB County, Texas;

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering in the future;

E.  Physical impairment in the past;

F.  Physical impairment which, in all reasonable probability, will be suffered in the future;

G.  Loss of earnings in the past;

H.  Loss of earning capacity which will, in all probability, be incurred in the future;

I.  Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J.  Loss of Household Services in the past;

K.  Loss of Household Services in the future;

L.  Mental anguish in the past; and

M.  Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, JULIAN JACOBO REYNA, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICE OF ANDRES REYES**
401 E. Hillside Rd., Capitol Centre
Laredo, Texas 78041
Tel: (956) 712-3633
Fax: (956) 725-4594

By: _____
**ANDRES REYES**
State Bar No: 16794250
Attorney for Plaintiff JULIAN JACOBO REYNA

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 11, 2015, a true and correct copy of Plaintiff's First Amended Original Petition was served on each person listed below by the method indicated.

***Via Facsimile: 210/404.1990***
Albert Lopez
Law Office of Albert Lopez
14310 Northbrook Dr.
Suite 200
San Antonio, Texas 78232

_____
ANDRES REYES