NO. 07-11-00376-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 22, 2012

BILLY RAY JONES, APPELLANT

v.

LUBBOCK COUNTY WATER CONTROL AND
IMPROVEMENT DISTRICT NO. 1, APPELLEE

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2011-556,771; HONORABLE RUBEN GONZALES REYES, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Billy Ray Jones, appeals from the trial court's dismissal of his lawsuit after granting a plea to the jurisdiction filed by appellee, Lubbock County Water Control and Improvement District No. 1. We will affirm the judgment of the trial court.

Factual and Procedural Background

On November 10, 2010, Jones was performing community service as a volunteer assigned to work for the Water District. The task that Jones undertook to perform that day was to rake a pile of smoldering wood and brush that had been burning for several

days. Jones contends that he was provided with a rake and a hoe to perform the task at hand. The Water District contests whether the record supports this fact. As a result of working on the pile of smoldering wood while wearing tennis shoes, Jones suffered burns to his feet. Jones filed suit alleging that the Water District failed to provide him with proper safety training and instruction or proper safety equipment or protective clothing. Jones sued under a negligence theory for compensatory damages.

The Water District filed a plea to the jurisdiction of the trial court that alleged that, as a local governmental unit, the Water District enjoyed governmental immunity from both suit and liability. The trial court conducted a hearing on the Water District's plea to the jurisdiction and granted the same. Subsequently, the trial court entered an order granting the plea to the jurisdiction and ordering that Jones's cause of action be dismissed with prejudice.

Jones gave notice of appeal and brings forth a single issue to this Court. Jones contends that the Water District waived its governmental immunity by failing to provide him with any safety equipment or protective clothing. Disagreeing with Jones, we will affirm the judgment of the trial court.

Standard of Review

A plea to the jurisdiction is a dilatory plea that challenges the trial court's jurisdiction to hear the subject matter of the lawsuit. Timmons v. Univ. Med. Ctr., 331 S.W.3d 840, 843 (Tex.App.—Amarillo 2011, no pet.) (citing Harris Cnty. v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004)). Subject matter jurisdiction is essential for a trial court to decide a case. Ackers v. City of Lubbock, 253 S.W.3d 770, 773 (Tex.App.—Amarillo

2007, pet. denied). The question of whether a court has subject matter jurisdiction is a question of law that we review *de novo.* City of Elsa v. Gonzalez, 325 S.W.3d 622, 625 (Tex. 2010). We recognize that, if the plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue raised. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004). However, when the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. Id. at 228. We will review the pleadings of the party asserting jurisdiction in the light most favorable to the trial court having jurisdiction. See Leach v. Tex. Tech Univ., 335 S.W.3d 386, 391 (Tex.App.—Amarillo 2011, pet. denied).

Applicable Law

Both parties recognize that the Water District is a political subdivision of the State of Texas. Political subdivisions within the State of Texas enjoy governmental immunity, which protects them from lawsuits for damages. Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp., 283 S.W.3d 838, 842 (Tex. 2009). Governmental immunity involves two issues: whether the State has consented to suit, and whether the State has accepted liability. Id. Immunity from suit is jurisdictional and bars suit. Id. A statute shall not be construed to waive immunity unless the waiver is effected by clear and unambiguous language. TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2012).

Analysis

Jones brings his cause of action against the Water District under the Texas Tort Claims Act. See TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011).[1] Jones contends that section 101.021(2) is both a clear and unambiguous waiver of governmental immunity, and is applicable to the facts as alleged in the original petition. The Water District does not contest that section 101.021(2) is a clear and unambiguous waiver of immunity. Rather, the Water District's position is that the section is not applicable to the cause of action as pled by Jones.

Section 101.021 states, in relevant part:

A governmental unit in the state is liable for:

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

The question of the use of tangible personal property in connection with a section 101.021(2) tort action has been the subject of numerous Texas Supreme Court decisions. Jones cites the Court to two of the earliest decisions to support his contention that section 101.021(2)'s waiver of immunity is applicable to the facts presented in this case. See Lowe v. Tex. Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976); Robinson v. Cent. Tex. MHMR Ctr., 780 S.W.2d 169, 171 (Tex. 1989). Lowe was a suit by a former football player at the university who was injured while playing a game after having been sent back in the game without a protective knee brace. Lowe, 540 S.W.2d at 300. In Robinson, the action complained of was the failure to furnish Robinson with a

_____

[1] Further reference to the Texas Civil Practices & Remedies Code will be by reference to "Section ___," "section ____" or "§ ____."

life preserver while on a swimming outing, even though MHMR knew that Robinson suffered from epileptic seizures that could result in Robinson becoming unconscious. Robinson, 780 S.W.2d at 169. These cases came under scrutiny in the case of Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584-85 (Tex. 1996), where the Court held that Lowe and Robinson represented "the outer bounds of what we have defined as use of tangible personal property." Id. Kerrville arose when a state hospital used an oral form of drug to treat a patient who had a history of non-compliance with medications instead of an injection form of the psychotropic drug. Id. at 584. The Court went on to explain that, in deciding the earlier cases, it was not the intent of the Court to allow both use and nonuse of property to result in a waiver of immunity. Id. at 585. Consequently, the Court held that the precedential value of the Lowe and Robinson cases was limited to situations where the claimant alleged that the "state actor has provided property that lacks an integral safety component" which led to the claimant's injuries. Id.

It is into this narrow window of waiver of immunity that Jones contends his action fits. We conclude that Jones's contention must fail for two reasons. First, a review of the live pleadings reveals that Jones did not contend that the Water District provided property that lacked an integral safety component. Rather, the live pleading simply alleges that the Water District failed to provide safety training or instruction and, further, that Jones was furnished no protective clothing or equipment. See Leach, 335 S.W.3d at 391. Simply put, the pleadings do not allege facts that overcome the Water District's plea to the jurisdiction. See Miranda, 133 S.W.3d at 227.

5

In his brief and at oral arguments, Jones argues that, during the discovery process, other facts were developed that showed that the Water District provided a rake and a hoe for Jones's use in raking the embers of the brush pile. The Water District hotly disputes that these were facts before the trial judge. For purposes of this opinion, we need not decide this issue but rather will accept Jones's proposition that the facts were before the trial court in the remaining portion of our analysis.

Even when we accept these facts, Jones's action still fails for the second reason. There is nothing in the record that would lead us to agree with Jones's argument that boots were an integral safety component of the equipment furnished by the Water District. Kerrville, 923 S.W.2d at 585. There is simply nothing in the record before us to demonstrate how boots are an integral safety component of a rake or hoe. The simplest definition of integral is an adjective meaning "essential to completeness," or "formed as a unit with another part." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 650 (11th ed. 2003). We fail to see how boots are an integral safety component of a rake or hoe. Rather, in the final analysis, Jones is complaining of the failure of the Water District to furnish him boots. As such, we are faced with a situation that the Texas Supreme Court has determined is a nonuse of property. See City of N. Richland Hills, Tex. v. Friend, 370 S.W.3d 369, 372 (Tex. 2012). A nonuse of property is not sufficient to invoke section 101.021(2) as a waiver of governmental immunity. Id. If it did, governmental immunity would be rendered a nullity. Id. (citing Kerrville, 923 S.W.2d at 586).

6

Finally, in his brief Jones raises a safe workplace argument under the Texas Labor Code.  See TEX. LAB. CODE ANN. § 411.103(2) (West 2006).  However, a review of the record before us reveals that Jones did not present this argument to the trial court.  Accordingly, we decline to address the issue.  See TEX. R. APP. P. 33.1(a).

## Conclusion

Having overruled Jones's issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice