# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-14-00212-CV

**City of Austin, Texas, Appellant**

**v.**

**Jamil Cherry, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-12-010314, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

While appellee Jamil Cherry was using the weight room as a guest at a recreation center owned and maintained by appellant the City of Austin, a bar fell from the weight machine he was using and struck Cherry on the forehead, injuring him. Cherry sued the City for negligence, and the City filed a plea to the jurisdiction on the basis of sovereign immunity. The trial court denied the City's plea, and the City appealed. We will reverse the trial court's denial of the City's plea to the jurisdiction and remand to allow Cherry an opportunity to replead.

## FACTUAL AND PROCEDURAL BACKGROUND

Cherry and a friend went to the Montopolis Recreation Center to work out. Cherry was interested in becoming a member at the recreation center and was using it for free to determine his interest level. Cherry worked out in the facility's weight room for approximately 30 minutes

before the accident that forms the basis for the underlying suit. When he used the bench-press machine, the bar fell off the machine and struck Cherry's head, injuring him.

Cherry originally sued the City based on a premises defect theory, *see* Tex. Civ. Prac. & Rem. Code § 101.022(a), against which the City filed a plea to the jurisdiction. Cherry later amended his petition to remove the premises defect claim and instead pleaded a claim alleging that the defective condition of the weight machine caused his injuries. *See id.* § 101.021(2). The City then supplemented its original plea to the jurisdiction, which the trial court denied. This appeal followed.

**STANDARD OF REVIEW**

Generally, whether a trial court has subject-matter jurisdiction is a question of law. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). A plaintiff's pleadings must allege facts sufficient to invoke the jurisdiction of the trial court. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If a plaintiff's pleadings do not contain facts sufficient to affirmatively demonstrate jurisdiction, but also do not demonstrate incurable defects in jurisdiction, then the issue is one of pleading sufficiency, and the plaintiff must be allowed the opportunity to amend. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

If, on the other hand, a plea to the jurisdiction challenges the existence of jurisdictional facts, then courts must consider the evidence submitted by the parties to resolve the jurisdictional issues raised. *Id.* When the government defendant asserts there is no jurisdiction and supports that assertion with evidence in a matter where the underlying merits and the jurisdictional inquiry

2

intertwine, a plaintiff is merely required "to show that there is a disputed material fact regarding the jurisdictional issue" to defeat a plea to the jurisdiction. *Id.* at 228. Courts must "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

## DISCUSSION

Cherry's pleadings, on their face, failed to invoke the trial court's jurisdiction. Cherry pleaded a claim alleging that the defective condition of the weight machine at issue caused his injuries. *See* Tex. Civ. Prac. & Rem. Code § 101.021(2). To allege facts sufficient to establish such a claim and invoke the trial court's jurisdiction, however, Cherry was required to plead that the weight machine at issue lacked an integral safety component. *See City of N. Richland Hills v. Friend*, 370 S.W.3d 369, 372-73 (Tex. 2012); *Texas Sch. for the Blind & Visually Impaired v. Dugosh*, No. 03-07-00681-CV, 2010 WL 1170223, at *14 (Tex. App.—Austin Mar. 26, 2010, pet. denied) (mem. op.). He failed to do so.

Cherry's pleadings, while defective, do not demonstrate incurable defects in jurisdiction. As the supreme court noted in *Miranda*, if the pleadings do not contain facts sufficient to affirmatively demonstrate jurisdiction, but also do not demonstrate incurable defects in jurisdiction, then the issue is one of pleading sufficiency, and the plaintiff must be allowed the opportunity to amend. 133 S.W.3d at 226-27.

Consistent with this instruction from *Miranda*, we must remand this case to the trial court to allow Cherry the opportunity to amend his pleadings and sufficiently invoke the trial court's jurisdiction.[1]

## CONCLUSION

For these reasons, we reverse the order of the trial court denying the City of Austin's plea to the jurisdiction and remand this case to allow Cherry to amend his pleadings to allege facts sufficient to invoke the trial court's jurisdiction.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Reversed and Remanded

Filed:   July 21, 2015

---

[1] The City filed its plea to the jurisdiction before Cherry amended his pleadings to allege a defective condition of tangible personal property.  As a result, the City's arguments before the trial court and this Court centered on whether Cherry's case is really a defective condition case or a premises defect case, as he originally pleaded.  On the record before us, we express no opinion on this issue.