**Reversed and Rendered and Opinion filed October 17, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00234-CV

---

### CITY OF HOUSTON, Appellant

### V.

### FRANK GUTKOWSKI, INDIVIDUALLY AND AS REPRESENTATIVE FOR THE ESTATE OF PATRICIA GUTKOWSKI, DECEASED, TAMMIE RENE GUTKOWSKI AND CARL GUTKOWSKI, Appellees

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2016-13081**

---

## O P I N I O N

In this interlocutory appeal from the trial court's denial of the City of Houston's plea to the jurisdiction, we are asked to consider whether allegations that the City's emergency services vehicle was not supplied with integral safety components to perform a "lift and assist" of a patient, or if supplied were not used by emergency services personnel, can waive the City's governmental immunity

under the Texas Tort Claims Act. We conclude that these allegations should be characterized as a complaint that the emergency services personnel failed to use safety equipment to perform a "lift and assist" rather than a complaint about the use of tangible personal property for which immunity is waived. We reverse the trial court's order and render judgment dismissing the claims against the City of Houston.

FACTUAL BACKGROUND

In this wrongful death and survival action, the husband and adult children of the deceased, Patricia Gutkowski, have sued the City of Houston under the Texas Tort Claims Act. The Gutkowskis allege that Houston Fire Department (HFD) personnel who responded to their 9-1-1 call for a "lift and assist" for Patricia Gutkowski failed to provide integral safety components that were contained in, or should have been contained in, the HFD emergency medical services vehicle to carry out a "lift and assist," and that this failure proximately caused Patricia Gutkowski's injury and death.

In their petition, the Gutkowskis allege that on July 25, 2014, they called 9-1-1 requesting assistance at their home because Patricia Gutkowski had fallen out of bed and family members were unable to lift her. Four or five emergency services personnel from HFD Station #77 arrived in a HFD emergency medical services vehicle. HFD Station #77 personnel had been called to provide "lift and assist" help for Patricia Gutkowski on prior occasions and were familiar with her condition.

When the HFD personnel entered the bedroom, Patricia Gutkowski's legs were under the bed. The Gutkowskis allege that one of the HFD responders stood behind Patricia Gutkowski, wrapped his arms around her under her arms, and "yanked" her up. As a result, Patricia Gutkowski's right leg was "slammed" into the metal bed frame causing an L-shaped laceration below the knee. The Gutkowskis allege that HFD personnel failed to place Patricia Gutkowski's body in a proper

2

position as they would have had to do to use any type of safety equipment such as a portable lifting device, lift board, or lift sling.

The L-shaped laceration running downward from Patricia Gutkowski's knee to her ankle and from the right side of the knee to the left side of the knee caused significant blood loss. The Gutkowskis allege that HFD personnel wrapped the wound, but not sufficiently to stop the bleeding. Patricia Gutkowski was transported to a hospital, where she had a heart attack the next day. She died on August 10, 2014. The Gutkowskis maintain that Patricia Gutkowski's death was caused by the trauma and significant blood loss resulting from the leg injury.

In 2016, the Gutkowskis sued HFD and the City of Houston. HFD and the City filed a general denial and asserted, among other things, that the Gutkowskis had failed to plead a waiver of the City's governmental immunity under the Texas Tort Claims Act. The Gutkowskis amended their petition to name only HFD, to which the City filed an amended answer and specially excepted on the grounds that HFD is not a separate legal entity that may be sued. The Gutkowskis then filed a third amended petition naming only the City and asserting a waiver of immunity under section 101.021 of the Tort Claims Act.

The City filed a plea to the jurisdiction and motion to dismiss, which was set for hearing on February 24, 2017. The Gutkowskis did not file a response. Instead, on the date of the hearing they filed a fourth amended petition, alleging for the first time that "a lift board or lift sling should have been used to safely move" Patricia Gutkowski. At the hearing, the City argued that an allegation of "non-use" did not waive immunity. The trial court passed the hearing and asked the Gutkowskis to file a response by March 3, 2017.

The Gutkowskis filed a fifth amended petition and a response to the City's plea to the jurisdiction. The Gutkowskis asserted that the use of an emergency

3

medical services vehicle lacking integral safety components and the failure to use integral safety components to safely move Patricia Gutkowski waived the City's immunity under section 101.021 of the Tort Claims Act. The Gutkowskis also alleged that immunity was waived under the emergency and 9-1-1 emergency service exceptions of sections 101.055(2) and 101.062 of the Tort Claims Act because the HFD personnel acted with conscious indifference or reckless disregard. The City filed a reply in which it argued that the gravamen of the Gutkowski's claims was the failure of the City's employees to use property, for which there was no immunity, and that no exception applied.

On March 8, 2017, the trial court signed an order denying the City's plea to the jurisdiction and motion to dismiss. This interlocutory appeal followed.

### ISSUES AND ANALYSIS

On appeal, the City argues that its governmental immunity is not waived because the allegation of a failure to use "integral safety components" is in reality an allegation of non-use of tangible personal property, which is not a basis for waiver of immunity.[1] The City also argues that even if the use of personal property waived immunity, the facts alleged place this case under the emergency and 9-1-1 emergency service exceptions to the waiver of immunity because the Gutkowskis have presented no evidence that the HFD personnel acted with conscious

---

[1] The City also argues that the presence of the bed frame cannot support a waiver of immunity based on a use of tangible personal property because the bed frame merely furnished the condition that made the injury possible. The Gutkowskis have not asserted or alleged facts supporting such a claim, and therefore we do not address this argument. We note, however, that such an allegation would not succeed on these facts. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003) (stating that the operation or use of a motor vehicle or property "does not cause injury if it does no more than furnish the condition that makes the injury possible" (quoting *Dallas Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998))).

4

indifference or reckless disregard.

### A. Standard of Review and Applicable Law

Under the common law doctrine of sovereign immunity, the state cannot be sued without its consent. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Sovereign immunity refers to the state's immunity from both suit and liability and protects the state and its divisions, while governmental immunity protects political subdivisions of the state, including counties, cities, and school districts. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Governmental immunity from suit defeats a trial court's subject matter jurisdiction. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003)

We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Whitley*, 104 S.W.3d at 542. The plaintiff must allege facts that affirmatively establish the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In determining whether this burden has been satisfied, we must construe the pleadings liberally in the plaintiff's favor and deny the plea if the plaintiff has alleged facts affirmatively demonstrating jurisdiction to hear the case. *See Miranda*, 133 S.W.3d at 226.

If the governmental entity challenges the plaintiff's jurisdictional allegations, then the plaintiff must adduce some evidence to support jurisdiction. *See Miranda*, 133 S.W.3d at 227–28. The trial court then considers the relevant evidence submitted by the parties. *Id.* at 227. If the evidence creates a fact question regarding jurisdiction, then the trial court must deny the plea, and the fact issue will be resolved by the fact finder. *Id.* at 227–28. But if the evidence is undisputed, then the trial court

rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

The Tort Claims Act provides a limited waiver of sovereign immunity, allowing suits to be brought against governmental units only in certain, narrowly defined circumstances. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). In relevant part, the statute provides that a governmental unit in the state is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(2).

The Supreme Court of Texas has consistently defined "'use' to mean 'to put or bring into action or service; to employ for or apply to a given purpose.'" *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004) (citations omitted); *see Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996) (citations omitted). The mere failure to use tangible personal property does not waive immunity. *See Kerrville State Hosp.*, 923 S.W.2d at 584 ("This Court has never held that mere non-use of property can support a claim under the Texas Tort Claims Act."). If it were otherwise, governmental immunity "'would be rendered a nullity,' because '[i]t is difficult to imagine a tort case which does not involve the use, or nonuse, of some item of real or personal property.'" *City of North Richland Hills v. Friend*, 370 S.W.3d 369, 372 (Tex. 2012) (alteration in original) (quoting *Kerrville State Hosp.*, 923 S.W.2d at 586). But in some cases, the court has held that "when a plaintiff alleges that property used by the state lacks an integral safety component, immunity is waived under section 101.021(2)." *Id.* (citing *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 300 (Tex. 1976)); *see also Robinson v. Cent. Tex. MHMR Ctr.*, 780 S.W.2d 169, 171 (Tex. 1989).

**B. Analysis**

The City's primary contention is that the Gutkowskis' allegations amount to a claim that the HFD personnel failed to use equipment they should have used to move Patricia Gutkowski's legs from under the bed and lift her, which is an allegation of "non-use" of property that does not waive immunity. The Gutkowskis respond that their allegations support the trial court's conclusion that the City's governmental immunity is waived because the City "employed the use of an Emergency Medical Services vehicle, tangible personal property, that either lacked integral safety components or the employees of the governmental unit failed to employ the use of integral safety components necessary to the safety of Patricia Gutkowski" when they had prior knowledge of her specific needs. As support for this contention, the Gutkowskis rely on *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex. 1976), and *Robinson v. Central Texas MHMR Center*, 780 S.W.2d 169 (Tex. 1989).

The plaintiff in *Lowe* was a varsity football player who alleged that Texas Tech University failed to give him a knee brace with his football uniform. *See* 540 S.W.2d at 298. The supreme court concluded that because a knee brace was, in light of the plaintiff's previous knee injury, an integral part of his football uniform, the failure to furnish it constituted a use of property sufficient to invoke the waiver of immunity in section 101.021(2). *Id.* at 300. In *Robinson*, the court held that immunity was waived when government employees provided swimming attire without a life preserver to a patient known to be epileptic. *See* 780 S.W.2d at 171. The *Robinson* court drew on the precedent set in *Lowe*, concluding that "[a] life preserver was just as much a part of Robinson's swimming attire as the knee brace was part of the uniform in *Lowe*." *Id.*

The supreme court has since made it clear that *Lowe* and *Robinson* represent

7

"the outer bounds of what we have defined as use of tangible personal property." *Friend*, 370 S.W.3d at 372 (quoting *Kerrville State Hosp.*, 923 S.W.2d at 585). The court explained that "[t]he precedential value of these cases is therefore limited to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries." *Id.* (quoting *Kerrville State Hosp.*, 923 S.W.2d at 585). Further, the integral safety component doctrine has since been further limited to cases in which "a safety component is completely lacking, as opposed to merely inadequate." *Id.* (citing *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 584 (Tex. 2005)).

The supreme court's more recent opinion in *Friend* is particularly instructive when analyzing the allegations in the present case. In *Friend*, a woman collapsed while waiting in line at a city-owned water park, and the city employees used oxygen masks and other airway equipment instead of an automatic external defibrillator (AED) that was in a storage closet on park grounds. 370 S.W.3d at 370. An AED was used some twenty-one minutes later after the city fire department arrived, but the woman could not be revived and died that same day. *Id.* The plaintiffs alleged that if the city employees had used the AED on the woman immediately, prior to using the airway equipment, the device would have saved her life. *Id.*

Like the Gutkowskis, the *Friend* plaintiffs relied on *Lowe* and *Robinson* to argue that the city's governmental immunity was waived because they alleged that "the City used emergency equipment but omitted an integral component of that equipment, the AED." *Id.* at 372–73. The supreme court rejected this argument, reasoning that "[s]uch a formulation threatens to eviscerate any limiting principle on 'condition or use' entirely" and "would enable plaintiffs, through artful pleading, to enlarge the scope of the waiver provided by section 101.021(2) by alleging that a governmental actor failed to use one particular type of equipment among a broadly

defined class of property that may have been employed." *Id.* at 373. The court ultimately held that the plaintiffs "essentially allege no more than a failure to use an AED, which does not fall within the waiver of immunity in section 101.021(2) of the Tort Claims Act." *Id.*

Likewise, the Gutkowskis' argument that the emergency medical services vehicle is itself equipment that was missing the "integral component" of a portable lifting device is an example of the kind of artful pleading the supreme court has cautioned against. *See id.* ("Despite our binding precedent that forbids claims for nonuse, plaintiffs could circumvent immunity simply by alleging that property that was not used is linked, albeit indirectly, to property that was used—and used properly."). Assuming that emergency medical services vehicles should carry some type of portable lifting device, the two are not interrelated parts of an interdependent unit or system, and the Gutkowskis do not allege that the vehicle was improperly used.[2] Moreover, we are cognizant of the supreme court's warning that expanding the integral safety component theory "create[s] a disincentive for governmental units to provide any form of health or safety equipment at their establishments." *See id.*

The Gutkowskis maintain that *Lowe* and *Robinson* are on point and *Friend* is distinguishable because in *Lowe* and *Robinson* the governmental entities had prior knowledge of the injured person's history, while in *Friend* the city employees had no prior knowledge of the injured person. The Gutkowskis argue that their allegation

---

[2] We also note that the Tort Claims Act separately provides for a waiver of immunity based on property damage, personal injury, or death arising from the operation or use of a motor-driven vehicle, such as an ambulance or police vehicle. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1). To waive immunity under this provision, the vehicle must have been actively operated by the government employee at the time of the incident, used as a vehicle, and the tortious act alleged must relate to the defendant's operation of the vehicle. *See Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927–28 (Tex. 2015) (per curiam). The Gutkowskis do not allege that the City's immunity is waived under this provision.

9

that that he HFD Station #77 personnel had prior knowledge of Patricia Gutkowski's "lift and assist" needs brings this case within the precedent of *Lowe* and *Robinson*.

We disagree that *Lowe* and *Robinson* are on point because those decisions turned on the governmental entities' negligent provision of property missing an integral safety component, rather than their knowledge of the injured parties' conditions. *See Robinson*, 780 S.W.2d at 171; *Lowe*, 540 S.W.2d at 300. Moreover, the supreme court rejected a similar argument in *Kerrville State Hospital v. Clark*, 923 S.W.2d 582 (Tex. 1996). In that case, the plaintiffs' daughter was brutally murdered by her husband, a mental patient, shortly after he checked out of a state hospital where he had been receiving treatment. *See id.* at 583. The plaintiffs argued that the hospital should have administered an injectable drug to the husband before he left, rather than prescribe an oral drug, because it had prior knowledge that he had not been taking his oral medication and became violent when not medicated. *See id.* at 584. The court concluded that *Lowe* and *Robinson* were distinguishable, because the plaintiffs had not alleged that the hospital provided property lacking an integral safety component; rather, their real complaint was that the hospital's "non-use of an injectionable drug was the cause of their daughter's death." *Id.* at 585.

Similarly, we conclude that the Gutkowskis' real complaint is that the HFD personnel failed to use some type of portable lifting device to move Patricia Gutkowski. Such an allegation of non-use of tangible personal property does not waive immunity under section 101.021(2) of the Tort Claims Act. *See Friend*, 370 S.W.3d at 373 (holding that allegation of failure to use a particular device to revive woman did not fall within the waiver of immunity in section 101.021(2) of the Tort Claims Act); *Miller*, 51 S.W.3d at 587–88 (stating that claims alleging the failure to use property or the non-use of property, or alleging errors in medical judgment, are not within the waiver of immunity); *Kerrville State Hosp.*, 923 S.W.2d at 586

(holding that allegation of nonuse of one type of treatment rather than another does not fall within the definition of use under the Tort Claims Act).

The Gutkowskis also make a passing argument that their allegation that HFD personnel failed to properly wrap Patricia Gutkowski's injury to stop or reduce the bleeding also constitutes a use of tangible personal property. But it is not enough that some property is involved; the use of that property must have actually caused the injury. *See* Tex. Civ. Prac. & Rem. Code § 101.021(2); *Miller*, 51 S.W.3d at 588; *Dallas Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 342–43 (Tex. 1998). Here, the Gutkowskis allege that the cause of Patricia Gutkowski's injury and death was the HFD responder's failure to place her legs in a safe position before lifting her and the failure to use some type of portable lifting device, which resulted in the L-shaped laceration of her right leg. There is no allegation that the wrapping material caused Patricia Gutkowski's injury. The mere allegation that emergency personnel also improperly wrapped the wound is not a sufficient allegation of the "use" of tangible personal property to bring the Gutkowskis' claims within the Tort Claims Act's waiver of immunity. *See Robinson v. Univ. of Tex. Med. Branch at Galveston*, 171 S.W.3d 365, 369 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("For the property exception to apply, the property must be the instrumentality of harm.").

We hold that the Gutkowskis have failed to allege facts sufficient to waive the City's governmental immunity under section 102.021(2) of the Tort Claims Act. We therefore reverse the trial court's order denying the City's plea to the jurisdiction and motion to dismiss, and render judgment dismissing the Gutkowskis' claims. *See Friend*, 370 S.W.3d at 373 ("When a suit fails to allege facts sufficient to implicate a waiver of [governmental] immunity, the suit is barred."). We do not reach the City's issue concerning the emergency and 9-1-1 emergency services exceptions to

the waiver of immunity.

## CONCLUSION

We reverse the order of the trial court, and we render judgment dismissing the Gutkowskis' claims against the City of Houston.

/s/    Ken Wise
        Justice

Panel consists of Justices Christopher, Brown, and Wise.

12